IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
MAR 17 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 3:09CR00014
)
CHRISTOPHER STEWART, )
)
Defendant. )

STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the pending Indictment and the following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt.

1. On or about December 9, 2008, in the Eastern District of Virginia, CHRISTOPHER STEWART possessed with the intent to distribute more than fifty grams of cocaine base, a Schedule II controlled substance.

2. On December 9, 2008, law enforcement officers in Richmond, Virginia, set up a controlled purchase of 62 grams of cocaine base using a cooperating source ("CS"). At the request and under the supervision of law enforcement, the CS contacted CHRISTOPHER STEWART, who subsequently contacted his source of supply to arrange for the purchase. Law enforcement officers provided the CS with $2300 in pre-recorded U.S. currency in order to make the buy. Law enforcement officers followed the CS as the CS drove to a location provided by CHRISTOPHER STEWART. Law enforcement officers watched CHRISTOPHER STEWART get in

the CS's car and the two proceed to a location to meet with CHRISTOPHER STEWART'S source of supply. CHRISTOPER STEWART got out of the CS's car and entered the source of supply's car and gave the source of supply a portion of the pre-recorded purchase money in exchange for the crack cocaine. Law enforcement officers moved in and took CHRISTOPHER STEWART and the source of supply into custody. Law enforcement officers recovered approximately 62 grams of crack cocaine from the front seat of the source of supply's car. Additionally, law enforcement officers recovered $2,000 of the pre-recorded buy money from the source of supply's person and $300 of the pre-recorded buy money from CHRISTOPHER STEWART's person.

3. Prior to this controlled buy of crack cocaine, law enforcement officers had used the CS to conduct two prior purchases of controlled substances from CHRISTOPHER STEWART and his source of supply. The first was on October 15, 2008, when the CS under the supervision of law enforcement, arranged for a purchase of a half ounce of cocaine hydrochloride from an individual in Richmond, Virginia. While the CS was at the individual's residence, the individual obtained the half ounce of cocaine hydrochloride from CHRISTOPHER STEWART, who had obtained it from his source supply. On November 18, 2008, the CS, under the supervision of law enforcement, arranged for a purchase of 62 grams of crack cocaine from an individual in Richmond, Virginia. That individual contacted CHRISTOPHER STEWART to arrange for the distribution. That individual and the CS then met CHRISTOPHER STEWART and the three of them waited for CHRISTOPHER STEWART's source of supply to arrive with the crack cocaine. Law enforcement officers observed CHRISTOPHER

STEWART's source of supply meet with CHRISTOPHER STEWART and observed CHRISTOPHER STEWART supply the 62 grams of crack cocaine to the CS and other individual in exchange for official police funds.

4. The actions taken by the defendant as described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

3-17-09
Date

Christopher Stewart
CHRISTOPHER STEWART,
Defendant

I am counsel for defendant, CHRISTOPHER STEWART. I have carefully reviewed this Statement of Facts with him and, to my knowledge his decision to agree to this Statement of Facts is an informed and voluntary decision.

March 17, 2009
Date

Jeffrey L. Everhart
Jeffrey L. Everhart, Esquire
*Counsel for Defendant*

DANA J. BOENTE,
ACTING UNITED STATES ATTORNEY

By: ______________________
Olivia N. Hawkins
Assistant United States Attorney